```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MORRIS M. COOPER,<br><br>            Plaintiff,<br><br>    v.<br><br>TERRENCE COOK, et al.,<br><br>            Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-1293 (JBS/AMD)<br><br>**OPINION** |

APPEARANCES:

Morris Cooper, Plaintiff Pro Se
#228533
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

   Plaintiff Morris Cooper, a pretrial detainee currently confined at Atlantic County Justice Facility ("ACJF"), Mays Landing, New Jersey, seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 and to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint. (Docket Entry 1).

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the complaint will be dismissed for failure to state a claim upon which relief can be granted and for seeking damages from entities that are immune from suit. *See* 28 U.S.C. §§ 1915(e)(2). Plaintiff shall, however, be permitted to amend certain claims of his complaint.

**I. BACKGROUND**

Plaintiff brought this civil rights action against Defendants Terrence Cook, J.S.C., Michael V. Luciano, Philip G. Pagano, Lawrence Artis (improperly pled as "Artist") Warden of Burlington County Jail, Kevin Walke, Gina Y. Holmes, Amelia Estrella Rodriguez, Billie J. Moore, C.J.M.C., Atlantic City Police Department, Willingboro Township Municipal Court, Kenneth S. Domzalski, J.S.C., Joseph E. Krakora, H. Warner, J.M.C., Atlantic City Municipal Court, Officer Christoph Smith, Officer R. Wagner, Atlantic County Superior Court Law Division, Geraldine Cohen, Atlantic County Justice Facility, Teresa Ungaro, Julio Mendez, A.J.S.C., and Mark Sandson, J.S.C. (Docket Entry 1).  Plaintiff states in his complaint:

2

> Officers of BURLINGTON County in Conspiracy acting under color of law who have cause[d] me to be subjected to the deprivation of substantive due process and equal protection rights, [privileges] and immunities secured by the Constitution and laws of the United States and Constitution and laws of the State of New Jersey who have interfered by threat, intimidation and coercion through procedural rules of presumption while acting outside the bounds of their authority and jurisdiction manifesting a conscious disregard of risk and intent to cause harm pursuant to state-created theory.[1]

(Docket Entry 1 at 3). He elaborates:

> Officers of BURLINGTON County has failed to reveal the correct communication sentence structure "Parse-Syntax" grammar[2] for the voidance of the purgery [sic] and fraud under Title ~ 18 for false and misleading statements. The State has also failed to state a claim upon which relief can be granted and lacks subject matter Jurisdiction over the person.

(Docket Entry 1 at 6).

Plaintiff seeks $50,000 compensatory and $50,000 punitive damages from each defendant, as well as injunctive relief. (Docket Entry 1 at 3-4, 10; Docket Entry 6 at 1).

By Order dated February 24, 2015, this Court administratively terminated the complaint for failing to comply with the standard to proceed *in forma pauperis* as set forth in 28 U.S.C. § 1915. (Docket Entry 2). Plaintiff submitted a new IFP application on March 10, 2015, (Docket Entry 3), and

---

[1] He makes identical allegations as to the Atlantic County courts and officers. (Docket Entry 1 at 9).
[2] A "language" invented by David Wynn Miller. *See Deutsche Bank Nat. Trust Co. v. Halajian*, 2012 WL 1076218, *4 (E.D. Cal. Mar. 29, 2012).

3

submitted a motion to file an amended complaint, (Docket Entry 5), and for consolidation of this case with another matter pending before this Court. (Docket Entry 4).

**II. DISCUSSION**

**A. Standards for a Sua Sponte Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and seeks redress against governmental employees and entities.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007)

(following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim,[3] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim."

---

[3]  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 Fed. Appx. 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 Fed. Appx. 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 Fed. Appx. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Judicial Immunity**

Plaintiff seeks to sue Terrence Cook, Billie J. Moore, Kenneth S. Domzalski, H. Warner, Julio Mendez, and Mark Sandson, all of whom are judges of New Jersey's Superior and Municipal Courts. However, "[i]t is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v.*

6

*Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. at 11, 9 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Furthermore, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359.

Judicial immunity also extends to suits brought under 42 U.S.C. § 1983. *See Pierson v. Ray*, 386 U.S. 547, 553–55 (1967). "[Judicial] immunity is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11. "First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity." *Ibid.* In determining whether an act qualifies as a "judicial act," courts looks to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

Plaintiff has set forth no facts that suggest the named judges acted outside of their judicial capacity or in the absence of all

jurisdiction.[4] Therefore they are entitled to complete judicial immunity, and the complaint must be dismissed with prejudice.

**D.   Claim against Public Defenders**

Plaintiff also seeks compensation from public defenders Philip G. Pagano, Kevin Walke, and Joseph Krakora. In *Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the state, "does not act under color of state law when performing the traditional functions of counsel to a criminal defendant." *See also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (private attorneys were not acting under color of state law when they issued subpoenas); *Calhoun v. Young*, 288 Fed. Appx. 47, 49-50 (3d Cir. 2008) (public defender representing criminal defendant is not acting under color of state law); *Thomas v. Howard*, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

---

[4] Indeed the documents submitted by Plaintiff in support of his motions indicate Plaintiff objects to the state courts' failure to grant his motions for Parse-Syntax and other relief. (*See generally* Docket Entry 6). These documents clearly support a finding that the judicial officers were performing their normal functions and in their judicial capacity. *Stump*, 435 U.S. at 362.

Therefore, because it appears that Defendants Pagano, Walke, and Krakora were not acting under color of state law, the claims against them must be dismissed with prejudice.

**E.     Eleventh Amendment Immunity**

Plaintiff's claims against Defendants Willingboro Township Municipal Court, Atlantic City Municipal Court, and Atlantic County Superior Court Law Division must be dismissed, as these defendants are immune to suit.

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

Eleventh Amendment immunity "protects both states and state agencies 'as long as the state is the real party in interest.'" *Woodyard v. Cnty. of Essex*, 514 Fed. Appx. 177, 182 (3d Cir. 2013) (per curiam) (quoting *Fitchik v. N.J. Transit Rail Operations*, 873 F.2d 655, 659 (3d Cir. 1989) (en banc)). In determining whether immunity applies, a court examines: "(1) the source of the money that would pay for the judgment; (2) the status of the entity under state law; and (3) the entity's degree of autonomy." *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 1978 (3d Cir. 2008) (citing *Fitchik*, 873 F.2d at 659).

9

It has been held that "the New Jersey Superior Court is an 'arm' of the state entitled to share in the state's sovereign immunity." *Johnson v. State of New Jersey*, 869 F. Supp. 289, 296 (D.N.J. 1994). This principle applies to the municipal courts of this state as well. *See Madison v. Neifeild*, 576 Fed. Appx. 96, 96 (3d Cir. 2014) (per curiam) (citing *Benn v. First Judicial Dist. of Pa.,* 426 F.3d 233, 241 (3d Cir. 2005)).

As Plaintiff's claims against Gina Y. Holmes and Teresa Ungaro are in their official capacity as court clerks, they are entitled to Eleventh Amendment immunity as well. A suit against a public official "'in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . .'" *Printz v. United States*, 521 U.S. 898, 930–31 (1997) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). The *Will* Court concluded that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." 491 U.S. at 71; *see also Smith v. New Jersey*, 908 F. Supp. 2d 560, 563-64 (D.N.J. 2012).

Plaintiff's claims against Michael V. Luciano, a Burlington County Prosecutor, must also be dismissed. The Third Circuit has held that "'when [New Jersey] county prosecutors engage in classic law enforcement and investigative functions, they act as officers of the State.' When county prosecutors perform administrative functions 'unrelated to the duties involved in

criminal prosecution,' however, they act as county officials." *Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 855 (3d Cir. 2014 (quoting *Coleman v. Kaye*, 87 F.3d 1491, 1505-06 (3d Cir. 1996)). The documents submitted by Plaintiff in support of his motions indicate he objects to Luciano's actions law enforcement actions. (*See generally* Docket Entry 6). He is therefore entitled to Eleventh Amendment immunity.

**F. Entities Not "Persons"**

Plaintiff names the ACJF as a defendant.  The ACJF, however, must be dismissed from this action because a jail is not a "person" amenable to suit under § 1983. *See, e.g.*, *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). The Atlantic City Police Department is likewise not a "person" subject to liability under § 1983. *See Will*, 491 U.S. at 71; *Jackson v. City of Erie Police Dep't*, 570 Fed. Appx. 112, 114 n.2 (3d Cir. 2014) ("Although local governmental units may constitute 'persons' against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part.").

As amendment of the Complaint as to these defendants would be frivolous, the complaint shall be dismissed against them with prejudice.

**G.    Conspiracy Claims**

As to remaining defendants Artis, Cohen, Rodriguez, Smith, and Wagner, Plaintiff's claim of conspiracy must be dismissed for failure to state a claim.

"To make out a conspiracy claim under § 1983, [Plaintiff] must show that 'persons acting under color of state law conspired to deprive him of a federally protected right.' As a threshold matter, however, a § 1983 conspiracy claim only arises when there has been an actual deprivation of a right." *Perano v. Twp. of Tilden*, 423 Fed. Appx. 234, 239 (3d Cir. 2011) (quoting *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999)).

Here, Plaintiff has not alleged facts that establish that Defendants agreed to do anything unlawful or that there "has been an actual deprivation of a right." *Ibid.* (citing *Andree v. Ashland Cnty.*, 818 F.2d 1306, 1311 (7th Cir. 1987); *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990)). As Plaintiff may be able to allege facts that would meet the pleading standard, however, he shall be given leave to amend his conspiracy claim.[5]

---

[5] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, *Federal Practice and Procedure* 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to

12

**H.  Denial of "Parse-Syntax" grammar**

Plaintiff alleges the defendants have "failed to reveal the correct communication sentence structure 'Parse-Syntax' grammar . . . ." (Docket Entry 6).[6] Other courts have dismissed similar claims as being made in bad faith and abusive of the judicial process. *See, e.g.*, *Brooker v. United States,* 107 Fed. Cl. 52, 58 (2012); *United States v. Pflum*, 2013 WL 4482706, *1 (D. Kan. Aug. 21, 2013) (citing cases); *Deutsche Bank Nat. Trust Co. v. Halajian*, 2012 WL 1076218, *4 (E.D. Cal. Mar. 29, 2012). This Court is inclined to agree, and this claim is dismissed as frivolous, and Plaintiff shall not be permitted to amend this claim. *See Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005).

**I.  Other Claims**

Finally, Plaintiff's complaint alleges Defendants acted with "conscious disregard of risk and intent to cause harm," and states there have been "threats, intimidation, and coercion." (Docket Entry 1 at 3, 9). As Plaintiff has not set forth any

---

be adopted must be clear and explicit. *Id*.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*
[6] On April 1, 2015, Plaintiff filed a "Prayer for Relief and Parse-Syntax" consisting of 297 pages of motions ostensibly filed with the New Jersey state courts requesting Parse-Syntax and citing irrelevant statutes. (Docket Entry 6). The Court cautions Plaintiff that such vexatious behavior will not be permitted in federal court. *See* 28 U.S.C. § 1927.

other facts, it is unclear as to what constitutional right Plaintiff alleges has been violated.

Plaintiff's reference to "state-created theory" seems to suggest he is alleging a "state-created danger." *See Kneipp v. Tedder*, 95 F.3d 1199, 1205 (3d Cir. 1996) (holding § 1983 liability may attach where the state acts to create or enhance a danger that deprives the plaintiff of his or her Fourteenth Amendment right to substantive due process). If this is indeed the case, the claim must still be dismissed as Plaintiff has not met the pleading standard under *Iqbal*.[7] In order to succeed on this theory of liability, Plaintiff must indicate precisely was what the harm caused, and demonstrate

> "1) the harm ultimately caused was foreseeable and fairly direct;
>
> 2) a state actor acted with a degree of culpability that shocks the conscience;
>
> 3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
>
> 4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all."

---

[7] *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009).

14

*Morrow v. Balaski*, 719 F.3d 160, 177 (3d Cir.), as amended (June 14, 2013), (quoting *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 281 (3d Cir.2006)), *cert. denied*, 134 S. Ct. 824 (2013).

This Court must dismiss Plaintiff's blanket allegation for failure to state a claim. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)("[P]ro se litigants still must allege sufficient facts in their complaints to support a claim."). As with Plaintiff's conspiracy claim, Plaintiff shall be given leave to amend his complaint.

**J.  Motion to Consolidate**

Plaintiff has requested this Court consolidate this action with his other pending § 1983 claim, 1:15-cv-00575. (Docket Entry 4). A court may consolidate cases when they involve common questions of law or fact. Fed. R. Civ. P. 42(a)(1). In his other complaint, Plaintiff alleged he was assaulted by an officer of ACJF, denied medical care, and retaliated against for filing lawsuits. (Civil No. 1:15-cv-00575 (JBS), Docket Entry 1). As the two complaints do not consist of common questions of law or fact, the Court will deny this request.

**III. CONCLUSION**

For the reasons stated above, the Plaintiff's application to proceed in forma pauperis will be granted, and the Clerk of the Court will be ordered to file the complaint. The complaint is dismissed with prejudice against Defendants Cook, Luciano, Pagano,

15

Walke, Holmes, Moore, Atlantic City Police Department, Willingboro Township Municipal Court, Domzalski, Krakora, Warner, Atlantic City Municipal Court, Atlantic County Superior Court Law Division, Atlantic County Justice Facility, Ungaro, Mendez, and Sandson. The complaint is dismissed without prejudice as to Defendants Cohen, Artis, Rodriguez, Smith and Wagner for failure to state a claim upon which relief can be granted, but Plaintiff shall be given leave to amend. Plaintiff's motion to consolidate this case with Civil No. 1:15-cv-00575 (JBS) is denied.  An appropriate order follows.

 **April 20, 2015**                           **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                              Chief U.S. District Judge